UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

CARMEN GREEN,                          )
                                       )
              Plaintiff,               )
                                       )
       v.                              )        No. 1:25-cv-00803-JPH-TAB
                                       )
SMC CORPORATION OF AMERICA, *et al.*,  )
                                       )
              Defendants.              )

**ORDER ON DEFENDANTS' MOTION TO DISMISS**

Carmen Green brought this action against her former employer, SMC Corporation of America; its parent company, SMC Corporation of Japan; and eight SMC America employees.  She alleges that Defendants discriminated against her based on her race, color, and sex; subjected her to sexual harassment, assault, and a hostile work environment based on sex; and retaliated against her for reporting harassment.  Defendants filed a motion to dismiss.  Dkt. [23].  For the reasons below, that motion is **GRANTED in part and DENIED in part.**

**I.
Facts and Background**

Because Defendants have moved for dismissal under Rule 12(b)(6), the Court accepts and recites "the well-pleaded facts in the complaint as true." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011).

Ms. Green, a Black woman, worked for equipment manufacturer SMC America from May 2023 to June 2024 as an "inside floor/customer services" representative.  Dkt. 7-1 at 3.  When she was hired, she had an agreement with

1

SMC America's Vice President, Brian Spice, that she would be paid $21 per hour, but she was only paid $18 per hour.  *Id.* at 9.

Between February and June 2024, Ms. Green's co-worker, Maddison Mireles[1], sexually harassed and assaulted Ms. Green by "making [a] sexual remark," and by "touching [her] breast and butt."  *Id.* at 3, 12.  Ms. Mireles also harassed, bullied, taunted, and antagonized Ms. Green, who believed she would be fired if she stopped talking to Ms. Mireles.  *Id.* at 3.  Ms. Green's supervisor Angela Sams, Mr. Spice, HR director Christine Castille, and SMC America's CEO Kelley Stacy knew about Ms. Mireles's behavior towards Ms. Green.  *Id.*  Mr. Spice and Ms. Sams also "lied on" and "bullied" Ms. Green and gave her a false bad performance review.  *Id.* at 4.

Ms. Green was not given equal pay or "the opportunity to grow in certain ways," including being "bullied" when she asked to join a training program.  *Id.* at 5.  She was also punished for breaking the dress code and other company rules that white employees broke without punishment, and Mr. Spice tried to give Ms. Green's shift time to a white male.  *Id.* at 6–7.  At one point, Ms. Green was in a medical boot, and Ms. Sams and Mr. Spice tried to "write [her] up because [she] would not get up and come talk to them."  *Id.* at 6.

Ms. Green reported these incidents and "stood up for [her]self," but was then "retaliated against, discriminated [against], and bullied against even more"

---

[1] Ms. Green names "Maddison Morales" and "Angela Sims" as defendants, which Defendants identify as "Madison Mireles" and "Angela Sams."  Dkt. 24 at 1.

by Mr. Spice, Ms. Sams, Ms. Castille, and other employees. *Id.* at 9. She asked to move departments but was denied. *Id.* at 8–9.

In June 2024, Ms. Green filed a complaint with the Indiana Civil Rights Commission and Equal Employment Opportunity Commission. Dkt. 24-1.[2] She alleged race-based discrimination because she received two write-ups for breaking company policies, and she was fired because of the two write-ups. *Id.* at 2. She also asserted in the complaint that individuals of a different protected class were not written up for the same behavior and mistakes. *Id.*

Ms. Green then filed this action against SMC America, SMC Japan, and SMC America employees Kelley Stacy, Donny Nguyen, Christine Castille, Delaney Larson, Brian Spice, Robert Deakin, Angela Sams, and Maddison Mireles. Dkt. 7-1. She asserts claims under (1) 42 U.S.C. § 1983 for violations of her constitutional rights; (2) Title VII for a hostile work environment based on sex, sexual assault, sexual harassment, retaliation, and discrimination; (3) 42 U.S.C. § 1981 for race discrimination; and (4) Indiana's Minimum Wage Law, Ind. Code § 22-2-2-4. Dkt. 7-1 at 12–13. Defendants filed a motion to dismiss. Dkt. 23.

---

[2] While Ms. Green did not attach her EEOC charge to her amended complaint, Defendants included it with their motion to dismiss. Dkt. 24-1. The Court considers the charge in deciding Defendants' motion to dismiss because it is judicially noticeable and Ms. Green relies on it in her response brief without contesting its accuracy. *See Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012); *Pierce v. Ill. Dep't of Human Servs.*, 128 F. App'x 534, 536 n.1 (7th Cir. 2005) (noting that even if the administrative charges were not subject to judicial notice, the plaintiff relied on the charge in his response).

## II.
## Rule 12(b)(6) Standard

Defendants may move under Federal Rule of Civil Procedure 12(b)(6) to dismiss claims for "failure to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A facially plausible claim is one that allows "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, a complaint "must allege enough details about the subject-matter of the case to present a story that holds together," *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021), "but it need not supply the specifics required at the summary judgment stage," *Graham v. Bd. of Educ.*, 8 F.4th 625, 627 (7th Cir. 2021).

When ruling on a 12(b)(6) motion, the Court "accept[s] the well-pleaded facts in the complaint as true, but legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth." *McCauley*, 671 F.3d at 616. "It is enough to plead a plausible claim, after which a plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint." *Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 848 (7th Cir. 2017).

### III.
### Analysis

**A. Abandoned Claims**

Defendants address each of Ms. Green's claims, arguing that they are all subject to dismissal.  Dkt. 24.  Ms. Green does not respond to Defendants' arguments on her § 1983 claims or Title VII claims against the individual Defendants, *see* dkt 46, so she has "abandoned the claim[s]" and may no longer pursue them.  *Maclin v. SBC Ameritech*, 520 F.3d 781, 788 (7th Cir. 2008).[3]  Ms. Green's remaining claims are therefore Title VII and Indiana wage claims against SMC Japan and SMC America, and § 1981 claims against all Defendants.[4]

**B. Indiana Minimum Wage Law Claim**

Ms. Green alleges violations of Indiana's Minimum Wage Law ("IMWL"), which prohibits employers from discriminating "between employees on the basis of sex by paying" a lower rate "for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions[.]"  Ind. Code § 22-2-2-4(a).  Indiana

---

[3] The only reference to constitutional deprivations in Ms. Green's response is an allegation that defense counsel sent legal documents to her old address.  Dkt. 46 at 3.  But "a plaintiff may not amend [her] complaint in [her] response brief," *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011), so the Court does not address that allegation.

[4] The Court does not understand Ms. Green to raise an ADA claim, but the Defendants argue that any ADA claim is subject to dismissal.  Dkt. 24 at 6–8.  Ms. Green does not respond to that argument, so she has also abandoned any ADA claim.  *See* dkt. 46.

substantive law governs this claim.  *See Webber v. Butner*, 923 F.3d 479, 480–81 (7th Cir. 2019).

Defendants argue that this claim must be dismissed because Ms. Green didn't plead that she was paid less than men or that she was "subjected to unequal pay for unequal work."  Dkt. 24 at 20.  Ms. Green responds that she alleged that Black employees were paid less than white employees and that Mr. Spice promised that she'd be paid a higher hourly amount than she really was.  Dkt. 46 at 3.

Ms. Green's operative complaint doesn't allege that she was paid less because of her sex for equal work and responsibility; she alleges only that she requested to be paid $21 per hour but was paid $18 per hour.  Dkt. 7-1 at 9.  She further alleges that Mr. Spice "doesn't believe that the women should be paid equal pay," and does "not give[ ] us equal pay" because "he has a lot of anger towards his ex-wife."  Dkt. 7-1 at 5.  Those allegations are too tenuous and lack supporting details to plausibly plead that she was paid less than a male counterpart for the same work.  *See Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (Rule 8 requires a plaintiff to allege "enough detail" to "show that it is plausible, rather than merely speculative, that [s]he is entitled to relief").  And because the IMWL prohibits pay discrimination based on sex—and not based on race—Ms. Green's allegation that Black employees were paid differently than white employees cannot state an IMWL claim.  *See* Ind. Code § 22-2-2-4(a); *Mi.D. v. State*, 57 N.E.3d 809, 812 (Ind. 2016) ("If [a

6

statute's] language is clear and unambiguous, we simply apply its plain and ordinary meaning[.]").  Ms. Green's IMWL claim is therefore **DISMISSED**.[5]

### C. Claims against SMC Japan

SMC Japan argues that the remaining claims against it must be dismissed because, as SMC America's parent company, it cannot be held liable for its subsidiaries' actions.  Dkt. 24 at 12.  Ms. Green responds that SMC Japan is "affiliated" and "integrated" with SMC America, and exercised joint control over the employment practices at issue.  Dkt. 46 at 3.

Parent companies are generally not liable under Title VII or § 1981 for the actions of their subsidiaries unless (1) an employer-employee relationship exists between the employee and the parent company or (2) the parent company "forfeited its limited liability."  *Alam v. Miller Brewing Co.*, 709 F.3d 662, 667–68 (7th Cir. 2013) (Title VII); *see Johnson v. Accenture LLP*, 142 F.4th 536, 546 (7th Cir. 2025) (same standards govern § 1981 claims and Title VII claims).  A parent company may forfeit its limited liability by taking actions for the "express purpose of avoiding liability under discrimination laws," or by "direct[ing] the discriminatory act, practice, or policy of which the employee is complaining."  *Worth v. Tyer*, 276 F.3d 249, 259–60 (7th Cir. 2001).

Here, Ms. Green doesn't allege that she was SMC Japan's employee, or any facts plausibly suggesting that SMC Japan forfeited its limited liability.  While Ms. Green argues that SMC Japan and SMC America were integrated

---

[5] Because Ms. Green has not stated an IMWL claim, the Court need not address SMC America's argument that it is exempt from IMWL liability as an "employer" subject to the Fair Labor Standards Act's minimum wage provisions.  Dkt. 24 at 19–20.

and exercised joint control, dkt. 46 at 3, there are no supporting facts in her complaint, *see* dkt. 7-1.  Instead, SMC Japan is mentioned only in the list of Defendants.  *Id.* at 1.  Without allegations to plausibly support SMC Japan's liability for its subsidiary's actions, the Title VII and § 1981 claims against it must be **DISMISSED**.  *See Alam*, 709 F.3d at 668–69.

### D. Exhaustion of Title VII claims

Title VII prohibits employers from "discriminat[ing] against any individual" because of race, color, religion, sex, or national origin,  42 U.S.C. § 2000e-2(a)(1).  Before bringing a Title VII lawsuit, an employee must exhaust administrative remedies by filing a charge with the EEOC and receiving a right-to-sue letter.  *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019).  Only claims included in the EEOC charge or "reasonably related to the allegations of the charge and growing out of such allegations," may be raised in a Title VII lawsuit.  *McHale v. McDonough*, 41 F.4th 866, 870 (7th Cir. 2022).

SMC America argues that Ms. Green's sexual harassment, sexual assault, hostile work environment, retaliation, and discrimination claims based on color and sex must be dismissed because they were not included in her EEOC charge.  Dkt. 24 at 8–11.[6]  Ms. Green responds generally that her allegations are reasonably related to her EEOC charge and "fall within the

---

[6] Exhaustion of administrative remedies is an affirmative defense that SMC America should have raised in a motion for judgment on the pleadings under Rule 12(c), instead of a motion to dismiss under Rule 12(b)(6).  *Crouch v. Brown*, 27 F.4th 1315, 1319–20 (7th Cir. 2022).  This does not affect the outcome because the Court may consider the EEOC charge, *see supra* n.2, so the relevant facts have been presented with the complaint and motion to dismiss. *Walczak v. Chicago Bd. of Educ.*, 739 F.3d 1013, 1016 n.2 (7th Cir. 2014).

scope of the agency's investigation that would naturally arise from them." Dkt. 46 at 1.

For a claim to be "like or reasonably related to the allegations of the charge and growing out of such allegations," it must "describe the same conduct and implicate the same individuals" as the charge. *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 501 (7th Cir. 1994) (emphasis deleted). "When an EEOC charge alleges a particular theory of discrimination, allegations of a different type of discrimination in a subsequent complaint are not reasonably related to them unless the allegations in the complaint can be reasonably inferred from the facts alleged in the charge." *Ajayi v. Aramark Bus. Servs., Inc.*, 336 F.3d 520, 527 (7th Cir. 2003).

Here, Ms. Green checked the box for "race" discrimination in her EEOC charge, but not the boxes for "color," "sex," or "retaliation." Dkt. 24-1 at 1. The body of the charge similarly does not allege color or sex discrimination, or retaliation. Instead, the charge's narrative says that Ms. Green received two write-ups for job performance issues and breaking the dress code, while "coworkers of a different protected class" weren't disciplined for similar behavior. *Id.* at 2. Ms. Green's charge then asserts that she "was terminated for [the] two write-ups," and "believe[s she] was discriminated against based on my race." *Id.* In her complaint in this case, by contrast, Ms. Green alleges retaliation, sexual assault and harassment, a hostile work environment, and discrimination on the basis of race, color, and sex. Dkt. 7 at 3; dkt. 7-1 at 3–6, 8, 12–13. "But the factual narrative" from her EEOC charge "could not

9

reasonably be expected to lead the investigator to discover" those additional claims. *McHale*, 41 F.4th at 870 (finding no exhaustion when "every fact McHale points to [in the charge] concern[ed] sick leave, not disability").

Since Ms. Green's EEOC charge references only race discrimination—and says nothing about retaliation, sexual assault and harassment, a hostile work environment, and discrimination on the basis of color and sex—those claims exceed the scope of her EEOC charge. *See Chaidez*, 937 F.3d at 1004–05 ("A plaintiff cannot bring a new claim that is inconsistent with the claim in [her] EEOC charge, even if the new claim involves the same parties and the same facts as the other claim."). Ms. Green does not explain how her additional claims "can reasonably be expected" to grow out of an EEOC investigation of race discrimination for two discrete write-ups for dress code and performance concerns. *See* dkt. 46 at 1. So, Ms. Green's claims for sexual harassment and assault, hostile work environment, retaliation, and sex and color discrimination, are not "reasonably related" to the charge of race discrimination that is the sole subject of her EEOC charge. *See e.g.*, *Swearnigen-El v. Cook Ctny. Sheriff's Dept.*, 602 F.3d 852, 864–65 (7th Cir. 2010) ("Normally, retaliation and discrimination charges are not considered like or reasonably related to one another.").

Ms. Green's Title VII claims for sexual harassment and assault, sex-based hostile work environment, retaliation, and sex and color discrimination are therefore **DISMISSED without prejudice** for failure to exhaust administrative remedies.

**E. Race Discrimination Claims – Title VII and § 1981**

Defendants argue that Ms. Green's Title VII race discrimination claim against SMC America and her § 1981 claims against SMC America and the individual Defendants must be dismissed because the allegations are conclusory and do not suggest that Ms. Green was subjected to adverse treatment based on her race.  Dkt. 24 at 13–14.  Ms. Green responds that she adequately alleged that Black employees were paid less than white employees and that she was punished more harshly for violating dress code rules than white employees who engaged in similar conduct.  Dkt. 46 at 2–3.

Title VII and § 1981 both prohibit employers from discriminating against their employees based on race.  42 U.S.C. § 2000e-2(a)(1); *DJM Logistics, Inc. v. FedEx Ground Package Sys., Inc.*, 39 F.4th 408, 411 (7th Cir. 2022).  The same substantive standards govern both claims.  *Johnson*, 142 F.4th at 546.  "A plaintiff alleging employment discrimination under Title VII may allege these claims quite generally."  *Tamayo*, 526 F.3d at 1081.  To survive dismissal, a plaintiff must allege "nothing more" than "(1) who discriminated against her; (2) the type of discrimination that occurred; and (3) when the discrimination took place."  *McCauley*, 671 F.3d at 617.  Moreover, the pleading standard for *pro se* plaintiffs is "considerably relaxed."  *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013).

Here, Ms. Green adequately alleges the type of discrimination (race), by whom (her supervisors and co-workers), and when (in connection with disparate pay and reprimands that led to her termination in 2024).  Dkt. 7-1 at

11

2–3, 5–7; dkt. 24-1 at 2.  While Defendants argue that her allegations about disparate pay are vague, dkt. 24 at 13, Ms. Green alleges that she was paid less because of her race; no more is required at this stage.  *See Lavalais v. Vill. of Melrose Park,* 734 F.3d 629, 634 (7th Cir. 2013) ("[A] complaint alleging race discrimination need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of [her] race.").

Defendants resist this conclusion by arguing that Ms. Green failed to connect her allegations of disparate discipline to an adverse employment action.  Dkt. 24 at 14 (relying on *Kaminski v. Elite Staffing, Inc.,* 23 F.4th 774 (7th Cir. 2022)).  In *Kaminski,* the Seventh Circuit affirmed dismissal of a race discrimination claim because the plaintiff included "no factual allegations directly or indirectly connecting the termination with her national origin, age, or race."  23 F.4th at 776.  Here, by contrast, Ms. Green alleges that she was reprimanded for violating the dress code and other company rules, which ultimately led to her termination.  Dkt. 7-1 at 5–6, 10; dkt. 24-1 at 2 (EEOC charge stating she was written up twice for violations that "coworkers of a different protected class" were not, and she was "terminated for [her] two write-ups").

Ms. Green's "complaint merely needs to give the defendant sufficient notice . . . to begin to investigate and prepare a defense."  *Luevano,* 722 F.3d at 1028.  It does that, so Ms. Green has alleged enough "factual heft" to survive Defendants' motion to dismiss on her Title VII and § 1981 race discrimination claims.  *McCauley,* 671 F.3d at 617; *see Swanson,* 614 F.3d at 404.

## IV.
## Conclusion

Defendants' motion to dismiss is **GRANTED in part and DENIED in part.** Dkts. [23]; [24]. It is **GRANTED** as to Ms. Green's § 1983 claims, claims against SMC Japan, and Title VII claims against the individual Defendants; those claims are **dismissed with prejudice.** Defendants' motion to dismiss is also **GRANTED** as to the Title VII claims alleging retaliation, sexual harassment and assault, sex-based hostile work environment, and discrimination on the basis of sex and color; those claims are **dismissed without prejudice** for failure to exhaust administrative remedies.

Defendants' motion to dismiss Ms. Green's race discrimination claims under Title VII and § 1981 is **DENIED**. The Title VII claim shall proceed against SMC America, and the § 1981 claim shall proceed against SMC America, Kelley Stacy, Donny Nguyen, Christine Castille, Delaney Larson, Brian Spice, Robert Deakin, Angela Sams, and Maddison Mireles.

The **clerk is directed** to terminate SMC Japan as a Defendant on the docket. The **clerk is further directed** to correct the spelling of Defendant "Maddison Morales" to "Maddison Mireles" and Defendant "Angela Sims" to "Angela Sams."

Ms. Green's motion for a jury demand, dkt. [26], is **GRANTED** to the extent that she preserved her right to a jury trial by demanding one in her amended complaint. *See* Fed. R. Civ. P. 38(b); dkt. 7 at 1.

Magistrate Judge Baker is asked to hold a conference to address case management.  *See* dkt. 36.

**SO ORDERED.**

Date: 8/4/2026

*James Patrick Hanlon*

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CARMEN GREEN
14603 Strauss Drive
Apartment 2536
Carmel, IN 46032

All electronically registered counsel.

14